UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

-----------------------------------------------------------------------x

Brittany Banks,

        Plaintiff,

        -against-

Transunion, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Verizon Wireless Services, LLC,

        Defendant(s).

-----------------------------------------------------------------------x

C.A. No.:

**DEMAND FOR JURY TRIAL**

## COMPLAINT

    Plaintiff Brittany Banks ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Experian Information Solutions, Inc. ("Experian"), Defendant Equifax Information Services, LLC, ("Equifax") and Defendant Verizon Wireless Services, LLC ("Verizon") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Georgia, County of Muscogee.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of Georgia and may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 2 Sun Ct Ste 400, Peachtree Corners, GA 30092.

7. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of Georgia and may be served with process upon the Corporation Service Company, its registered agent for service of process at 2 Sun Ct Ste 400, Peachtree Corners, GA 30092-2865.

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of Georgia and may be served with process upon the C T Corporation System, its registered agent for service of process at 289 S Culver St, Lawrenceville, GA 30046-4805.

13. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Verizon is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process C/O C T Corporation System 289 S Culver St Lawrenceville, GA 30046-4805.

## **FACTUAL ALLEGATIONS**

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. This Complaint relates to Plaintiff's Verizon account with an account number of 626690******* ("Account").

18. On June 1, 2023, Plaintiff went to her local Verizon store to purchase a pre-paid SIM card for a phone she already fully owned.

19. Plaintiff completed the transaction and left with her pre-paid SIM card.

20. Plaintiff never received an invoice from Verizon, as expected, as she did not initiate any contract or monthly payment plan.

21. On August 4, 2023, Plaintiff was shocked to receive a collection notice from non-party collection agency, Convergent.

22. Plaintiff immediately reached out to Convergent and was advised they had no information about the Account or why a $95 outstanding balance was due.

23. The Convergent representative said they were only able to take payment and had no additional information.

24. Plaintiff then went back to the Verizon store from which she originally purchased the pre-paid SIM card.

25. The Verizon sales representative who assisted the Plaintiff on June 1, 2023 acknowledged that this was an error and called Verizon customer service together with Plaintiff to inquire about the outstanding charge to Plaintiff.

26. The Verizon sales representative in the store spoke on the phone to a customer service representative named Danny and his supervisor, Sam.

27. Plaintiff was present at the store and listened to the call on speaker phone, as both Danny and Sam acknowledged the error and assured Plaintiff that they would correct the error and update the Account to reflect a $0 balance.

28. Plaintiff shared with Danny and Sam her concern that this negative credit reporting would have on her credit rating, which was severely detrimental as Plaintiff was in the process of trying to purchase a new home.

29. Danny assured the Plaintiff that as soon as he corrected the error in Verizon's system, Plaintiff would then be able to dispute the negative reporting and it would be removed from her credit reports.

30. Despite no fault or wrongdoing on Plaintiff's behalf, Verizon advised Plaintiff that the only way to have the negative reporting removed was to dispute the Account.

31. On August 22, 2023, Plaintiff once again contacted Verizon and Convergent to confirm that the error was corrected in line with the assurances Plaintiff had previously received from Verizon.

32. On August 22, 2023, a Verizon representative advised Plaintiff that despite Verizon's representatives Danny and Sam previously assuring Plaintiff on August 4, 2023, that they would correct the error in their system there was no change made and the representative advised Plaintiff that there was nothing Verizon could do to resolve the issue.

33. The representative advised Plaintiff that the only option was for Plaintiff to pay the $95 outstanding balance that she did not owe and then later dispute the charge.

34. Verizon failed to provide Plaintiff with any other option other than paying an un-owed invoice and then spending more time and effort to later dispute the charge and correct false credit reporting.

35. Despite this error by Verizon being completely out of Plaintiff's control, Plaintiff's Account was marked as a collection Account on her credit reports.

## Verizon Dispute and Violation

36. Upon information and belief, on a date better known to Transunion, Equifax and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information.

37. The inaccurate information furnished by Verizon and published by the Bureaus is inaccurate since the Account is listed as a collection account with an outstanding balance.

38. The Bureaus mark Plaintiff's Account as a collection account with a $95 outstanding balance.

39. In fact, Plaintiff never owed any money to Verizon by its own admittance.

40. This collection account has a severely derogatory impact to Plaintiff's perceived creditworthiness and serves to artificially lower Plaintiff's credit score.

41. Listing a collection account when in fact no money was due is materially misleading to potential lenders, who are led to believe that Plaintiff was less creditworthy than she is.

42. In fact, Plaintiff did not owe Verizon any money to warrant a collection.

43. Plaintiff only purchased and paid upfront for a pre-paid SIM card and did not initiate any new service contract.

44. By marking Plaintiff's Account as a collection account, Defendants give the false impression to potential lenders that Plaintiff was irresponsible in making payments to a creditor.

45. Plaintiff disputed the Account with the Bureaus on or about September 12, 2023.

46. In Plaintiff's dispute, she explained the context that surrounded the collection account and all the efforts she expended to try and resolve the issue on her own, and why it should be removed from her credit reports.

47. According to United States Postal Service ("USPS"), the letter was delivered to Transunion on September 16, 2023.

48. On September 29, 2023, Plaintiff received a form response from Transunion stating that the Account with Verizon had been "verified" as accurate.

49. According to USPS, the letter was delivered to Experian on September 18, 2023.

50. On October 3, 2023, Plaintiff received a form response from Experian stating that the Account with Verizon had been "verified" as accurate.

51. Plaintiff did not receive a response from Equifax.

52. Upon information and belief, the Bureaus sent Verizon notice of Plaintiff's dispute.

53. Upon receipt of Plaintiff's Account dispute letters from the Bureaus, Verizon failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account.

54. Had Verizon performed a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Verizon that the error was completely their own and was out of Plaintiff's control.

55. Instead, Verizon penalized Plaintiff for their own mistake.

56. Despite Plaintiff's disputes that the information on her consumer reports was inaccurate with respect to the disputed Account, the Bureaus did not timely evaluate or consider any of the information or claims of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

57. Had the Bureaus performed a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the collection account was improperly listed.

58. Plaintiff's credit score was severely affected due to this inaccurate collection account.

59. As the Account is the most derogatory account listed on Plaintiff's credit reports, it is clear that she was denied credit in substantial part due to Defendants' inaccurate reporting of the Account.

60. The inaccurate collection account listed on Plaintiff's credit reports was a substantial factor contributing to Plaintiff's inability to qualify for new credit.

61. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors.

62. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

63. Upon receipt of the disputes of the Account from the Plaintiff, Verizon failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

64. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

65. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

66. Plaintiff applied for a personal loan from DCU and received a denial letter on November 1, 2023 with a reference number of 6314534.

67. Plaintiff applied for a loan from SoFi and received a letter of denial on November 1, 2023.

68. Plaintiff applied for a loan from Upgrade, Inc. and received a letter of denial on November 1, 2023.

69. Plaintiff received a denial from ResidentVerify after she applied to move the The District at Phenix City, with reference number 8379074/13574703.

70. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

### FIRST CAUSE OF ACTION
**(Willful Violation of the FCRA as to the Bureaus)**

71. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

72. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

73. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

74. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

75. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

76. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

77. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Brittany Banks, an individual, demands judgement in her favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to the Bureaus)**

78. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

79. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

80. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

81. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

82. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

83. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

84. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Brittany Banks, an individual, demands judgement in her favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Verizon)

85. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

86. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

87. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

88. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

89. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

90. Verizon violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

91. As a result of the conduct, action and inaction of Verizon, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

92. The conduct, action and inaction of Verizon was willful, rendering Verizon liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

93. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Brittany Banks, an individual demands judgement in her favor against Verizon in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Verizon)**

94. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

95. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

96. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

97. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

98. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

99. Verizon is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

100. After receiving the Dispute Notice from the Bureaus, Verizon negligently failed to conduct its reinvestigation in good faith.

101. A reasonable investigation would require a furnisher such as Verizon to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

102. The conduct, action and inaction of Verizon was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

103. As a result of the conduct, action and inaction of Verizon, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on

future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

104. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Brittany Banks, an individual, demands judgement in her favor against Verizon for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

105. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  January 5, 2024                                    Respectfully Submitted,

                                              s/ *Misty Oaks Paxton*
By:  Misty Oaks Paxton, Esq.
3895 Brookgreen Pt.
Decatur, GA, 30034
Phone: (404) 725-5697
Fax: (775) 320-3698
attyoaks@yahoo.com
*Attorney for Plaintiff*

*/s/ Tamir Saland*
Tamir Saland, Esq.
STEIN SAKS, PLLC
One University Plaza, Ste. 620
Hackensack, NJ 07601
(201) 282-6500 ext. 122
(201) 282-6501 Fax
tsaland@steinsakslegal.com
*Attorney for Plaintiff*
*PRO HAC VICE PENDING*