IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BRITTANY BANKS,                          *

    Plaintiff,                          *

vs.                                      *          CASE NO. 4:24-CV-4 (CDL)

TRANSUNION, LLC, *et al.*,                 *

    Defendants.                         *

_____

<u>O R D E R</u>

Brittany Banks claims that Verizon Wireless Services, LLC erroneously reported that she had a balance on her account and that her account was in collections, even though she did not owe Verizon any money. Three consumer reporting agencies—Defendants TransUnion LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc.—reported the Verizon collection account on Banks's credit report. Banks disputed the Verizon collection account with Defendants, but they refused to remove it from her credit reports. Banks filed this action under the Fair Credit Reporting Act, asserting that Defendants did not follow reasonable procedures to investigate her report of inaccurate information.[1] Defendants filed a motion to dismiss. As discussed below, the motion (ECF No. 10) is denied.

---

[1] Banks initially brought a claim against Verizon as the furnisher of credit information, but she settled her claims against Verizon.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.   In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556.   But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Brittany Banks makes the following allegations in her Complaint, which the Court accepts as true at this stage in the litigation.   On June 1, 2023, Banks went to her local Verizon store and purchased a pre-paid SIM card for a phone she already owned. Banks paid for the SIM card in full at the time of purchase, and she did not initiate a new service contract.   After the transaction was complete, Banks did not owe Verizon any money.   But on August

4, 2023, Banks received a collection notice stating that she owed Verizon $95.  Banks went to the Verizon store to find out what happened.  Although Verizon personnel initially assured Banks that Verizon had made an error and would fix it, Verizon did not correct the mistake.  When Banks followed up with Verizon to ask why the error had not been corrected, Verizon personnel advised Banks that her only option to resolve the issue was to pay Verizon money she did not owe and later dispute the charge.

Verizon falsely reported that Banks had an account in collections to three consumer reporting agencies: Defendants TransUnion LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc.  As a result, Banks's credit score was negatively impacted, even though she did not owe Verizon any money and had not missed a payment.  Banks sent letters to each Defendant to dispute the collection account.  TransUnion and Experian both sent Banks form responses stating that the Verizon account had been verified as accurate.  Equifax did not respond.  Banks asserts that none of the Defendants followed reasonable procedures to assure the maximum possible accuracy of the information they reported, in violation of 15 U.S.C. § 1681e(b), and that that none of them conducted a reasonable reinvestigation of her dispute, in violation of 15 U.S.C. § 1681i(a).

DISCUSSION

The Fair Credit Reporting Act ("FRCA") requires consumer reporting agencies like Defendants to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  And, if a consumer notifies the agency of a dispute regarding the accuracy of information contained in her file, the agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." *Id.* § 1681i(a)(1)(A).  Defendants contend that Banks's claims fail for three reasons, which the Court will address in turn.

First, Defendants contend that Banks's FCRA claims fail because she did not allege that there was any inaccuracy in their reporting.  Defendants assert that Banks *admits* she missed a payment to Verizon.  She did not.  Rather, Banks alleges that she did not owe any money to Verizon.  Contrary to Defendants' suggestion, the gravamen of Banks's argument is not that there was some true underlying debt for which Verizon mistakenly failed to send Banks notice.  It is that Banks did not owe Verizon any money at all and that Verizon falsely reported that she did.[2]  The Court denies Defendants' motion to dismiss on this ground.

---

[2] There is no allegation to support Defendants' argument that Banks entered a transaction with Verizon that she did not understand, which resulted in a legitimate debt.  Rather, Banks alleges that she paid in full for a SIM card and did not enter a transaction that would have resulted in any outstanding debt to Verizon.  At this stage, the Court

Second, Defendants contend that Banks's complaint fails as an improper collateral attack on the legal validity of a debt. Defendants are correct that if a consumer alleges what amounts to a contractual dispute with a creditor, then the consumer is not alleging a factual inaccuracy that is actionable under the FCRA. *See Batterman v. BR Carroll Glenridge, LLC*, 829 F. App'x 478, 481 (11th Cir. 2020) (per curiam (finding that the plaintiff did not allege that the reported debt was inaccurate as to the amount but instead alleged that there was a contractual dispute as to whether he lawfully terminated a lease due to uninhabitability and thus did not owe liquidated damages for terminating the lease early). Here, though, Banks plausibly alleges that an item in her credit report was factually incorrect.  Moreover, she did not allege any facts to suggest she had a contractual dispute under which she might owe a legitimate debt to Verizon.  Rather, she alleges that she purchased an item from Verizon, paid in full at the time of sale, did not enter a transaction that would have resulted in any debt owed to Verizon, and did not owe any money to Verizon.  Verizon nonetheless reported a factually inaccurate debt to Defendants. This is not a collateral legal dispute.  The Court denies Defendants' motion to dismiss on this ground.

---

must accept these allegations as true.  The posture at summary judgment
may be different if discovery reveals that Banks did have a legitimate
outstanding debt to Verizon.

Third, Defendants assert that Banks fails to state a claim because she did not allege what specific procedures she challenges or what actions Defendants failed to take. Banks alleges that (1) she did not owe a debt to Verizon, (2) Defendants reported the false debt on her credit reports, (2) she sent a dispute to Defendants explaining why she did not owe a debt to Verizon, (4) a reasonable investigation would have uncovered that she did not owe a debt to Verizon, and (5) Defendants failed to conduct a reasonable investigation and continued reporting the false Verizon debt. With regard to TransUnion and Experian, Banks alleges that those two Defendants "verified" Verizon's report without considering her dispute or taking other action to discern the validity of the false Verizon debt. With regard to Equifax, Banks alleges that she received no notice that Equifax conducted an investigation at all.

Defendants contend that these allegations are not enough. They suggest that an FRCA plaintiff like Banks should be required to make specific allegations about the precise procedures that were unreasonable or resulted in inaccurate information on a credit report. But Defendants did not cite any binding authority that an FCRA plaintiff must make allegations about specific consumer reporting agency practices (which an FCRA plaintiff likely could only learn during discovery), and the Court is not persuaded that the FCRA contains such a pleading requirement. And again, Banks

alleges that a reasonable investigation would have showed that Banks did not owe a debt to Verizon. The Court thus finds that Banks alleged enough factual matter, taken as true, to allow a reasonable inference that Defendants did not comply with their FCRA obligations. The Court denies Defendants' motion to dismiss on this ground.[3]

CONCLUSION

For the reasons set forth above, the Court denies Defendants' motion to dismiss (ECF No. 10). The stay of discovery (ECF No. 25) is hereby lifted. The Court will separately enter a Rules 16/26 Order.

IT IS SO ORDERED, this 20th day of March, 2024.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[3] The Court also rejects Defendants' argument that Banks failed to allege that Defendants willfully violated the FCRA. Banks alleges that although a reasonable investigation would have revealed that she did not owe a debt to Verizon, Defendants failed to conduct a reasonable investigation and were at least reckless to the risk that their conduct would result in false information on Banks's credit reports.